UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY | § § § |
| VS. | §   CIVIL ACTION NO. _____ § |
| MAUREEN JURY, MICHAEL JURY AND DAN CLEARY | § § § |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, WFG NATIONAL TITLE INSURANCE COMPANY ("WFG") and files this Original Complaint For Declaratory Relief against Maureen Jury, Michael Jury and Dan Cleary ("Defendants") and would respectfully show the Court the following:

### I.

### PARTIES

1. WFG is an insurance company organized and existing under the laws of the State of South Carolina with its principal place of business in Portland, Multnomah, Oregon. Plaintiff is a title insurance underwriter and is authorized to conduct business in the State of Texas.

2. Maureen Jury is a citizen and resident of the State of Texas, residing in Plano, Texas. Maureen Jury may be served with process by serving her at 5921 Lenox Hill Drive, Plano, Texas 75093. Michael Jury is a citizen and resident of the State of Texas, residing in Plano, Texas. Michael Jury may be served with process at 5921 Lenox Hill Drive, Plano, Texas 75093. Dan Cleary is a citizen and resident of the State of Virginia, residing in Woodville, Virginia. Dan Cleary may be served with process at 2928 Fox Tail Ct., Woodbridge, Virginia 22192.

## II.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds the sum of $75,000.00 and WFG and Defendants are citizens of different states.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in Dallas County, Texas.

5.      WFG seeks a declaratory judgment pursuant to 28 U.S.C. § 22.001 with respect to demands from the defendants that WFG issue and provide indemnification under an owner's policy of title insurance to them.

## III.

## FACTUAL BACKGROUND

6.      This matter involves an acquisition and subsequent sale by Defendants of property located at 6931 Royal Lane in Dallas, Texas (the "Property").  Specifically, on or about July 29, 2015, Dallas Metro Holdings LLC entered into a Contract of Sale of the Property with the Defendants.  The closing related to this sale was to take place at the offices of Millennium Title.  At the time, Millennium Title was a limited agent of WFG pursuant to a Texas Limited Agency Agreement.  Pursuant to the Texas Limited Agency Agreement, Millennium Title was authorized only to lawfully solicit title business and lawfully issue title policies in the name of WFG.

7.      On or about August 5, 2015, Millennium Title issued a title insurance commitment related to this transaction providing the terms and conditions under which a WFG policy of title insurance would be issued.  On or about August 18, 2015, Dallas Metro Holdings LLC executed a Special Warranty Deed conveying the Property to Defendants.  This deed was recorded in the

Real Property Records of Dallas County, Texas.  However, all closing documents prepared in connection with the transaction reflected that the Property would be conveyed to Vortex Texas Partners, LLC ("Vortex"), a Texas Limited Liability Company managed by the three Defendants individually.  Three days later, on August 21, 2015, Dallas Metro Holdings LLC executed a Special Warranty Deed With Vendor's Lien purportedly conveying the Property to Vortex.  This deed was not recorded.  On that same day, August 21, 2015, Vortex Texas Partners LLC executed a real estate lien note in the amount of $402,500.00 in favor of Noble Capital.  Other than the deed from Dallas Metro Holdings to defendants, no other documents consistent with a sale to defendants, and to be financed by Noble Capital, was executed or is known to exist.  Rather, all other documents from the transaction are consistent with a sale by Dallas Metro Holdings to Vortex Texas Partners.  In January of 2016, Maureen Jury assigned the Contract of Sale to Vortex.  Complicating matters further, on July 6, 2017, the Defendants conveyed their interest in the property to Denise Long and Devin Long by Warranty Deed With Vendor's Lien.

8.   In November 2016, almost 16 months after closing, the Defendants demanded that WFG issue a title policy.  The title insurance commitment previously issued by Millennium Title had expired by its own terms on or about October 5, 2015.  In response to this demand WFG requested that the Defendants provide evidence that they had in fact deposited money with Millennium Title.  WFG also requested that Defendants execute a deed conveying the Property to Vortex to clean up the title issue.  Defendants never provided evidence that the purchase price for the Property had been paid or that the funds had been deposited with Millennium Title.  Defendants further failed or refused to execute a proper deed to Vortex.   Thereafter, on or about August 2, 2017, the Defendants, through their counsel, renewed their demand that WFG issue an owner's policy of title insurance to them in the amount of $355,000.00.  Defendants further demanded that

the policy be issued in accordance with the Commitment of Title Insurance originally issued on or about August 5, 2015.  Again, the commitment had expired by its own terms and the conditions precedent to the issuance of a WFG title policy had not and have not been satisfied.  No closing of the transaction consistent with the terms of the commitment has occurred.  Additionally, Defendants are not owners of the property at this time.  As a result, Defendants cannot seek a title insurance policy which reflects that they have an ownership interest in the property.  Finally, WFG has sought to potentially remedy the title problems caused by Defendants by having them execute a deed in favor of Vortex.   Defendants have refused to execute such a  deed.

## IV.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

9. Pursuant to 28 U.S.C. § 2201, WFG brings this declaratory judgment action to obtain a ruling from this Court as to whether it is obligated to issue an owner's policy of title insurance in the amount of $355,000.00 to Defendants.  A judgment from this Court will serve the useful purpose of clarifying and settling legal relations in issue between Defendants and WFG.  A judgment will further terminate and afford relief from uncertainty, insecurity and controversy giving rise to the dispute between Defendants and WFG.  An actual controversy exists arising from the facts described above.

10. WFG incorporates by reference the allegations set forth above.  WFG would show the Court that it cannot be required to issue a title policy naming Defendants as an insured owner of the Property based on the facts of this dispute.  First, no closing of the transaction consistent with the terms of the commitment ever occurred.  Second, the commitment expired by its own terms on or about October 5, 2015.  Third, Defendants have not corrected the outstanding title issue by executing a deed in favor of Vortex.  Fourth, Defendants have not established that Vortex

deposited funds with Millennium as required by the closing statement.  Finally, Defendants do not currently own the property and cannot procure a policy reflecting that they have a current ownership interest.  As a result, Defendants have refused to comply with WFG's conditions precedent to the issuance of a policy and cannot force a title policy to be issued under these circumstances.

## V.

## ATTORNEY'S FEES

11. WFG incorporates by reference the allegations set forth above.  As a direct result of bringing the action for declaratory relief, WFG has retained counsel to obtain a declaration of its rights.  WFG has agreed to pay its counsel reasonable and necessary attorney's fees for the prosecution of this action.  All conditions precedent to the recovery of WFG's reasonable and necessary attorney's fees have occurred or will occur prior to trial hereof.  WFG pleads for recovery of all of its reasonable and necessary attorney's fees and expenses incurred in the prosecution of its claims to final judgment, including all appeals thereon, pursuant to all applicable laws.

WHEREFORE, PREMISES CONSIDERED, WFG respectfully prays that Defendants timely answer herein and that following trial by jury, if necessary, Plaintiff have judgment of and from Defendants, declaring that Plaintiff shall not be required to issue a policy of title insurance, and for all such other and further relief, both general and special, at law and in equity to which Plaintiff may show itself justly entitled.

    Respectfully submitted,

    CANTEY HANGER LLP

    */s/Randall K. Price*
    RANDALL K. PRICE

**ORIGINAL COMPLAINT FOR DECLARATORY RELIEF** – Page 5

State Bar No. 16303800
rprice@canteyhanger.com
ASHLEY T. PARRISH
State Bar No. 15536850
aparrish@canteyhanger.com
1999 Bryan Street, Suite 3300
Dallas, Texas 75201
(214) 978-4100
(214) 978-4150 (Fax)

ATTORNEY FOR PLAINTIFF
WFG NATIONAL TITLE INSURANCE COMPANY