UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAUREEN JURY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:17-CV-2108-G |
| WFG NATIONAL TITLE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiffs Maureen Jury, Michael Jury, Dan Cleary, and Vortex Texas Partners, LLC ("Vortex") to remand this case to the 298th Judicial District Court of Dallas County, Texas (docket entry 16). For the reasons set forth below, the plaintiffs' motion is denied.

## I. BACKGROUND

This case involves the issuance of an owner's policy of title insurance covering a parcel of real property located at 6931 Royal Lane in Dallas, Texas. Two of the plaintiffs, Maureen Jury and Michael Jury, are individual citizens of Texas, residing in Plano, Texas. Notice of Removal at 2 (docket entry 1 in 3:17-CV-2972-G). According to the defendant WFG National Title Insurance Company ("WFG"), a

third plaintiff, Dan Cleary, is an individual and citizen of the Commonwealth of Virginia, residing in Woodville, Virginia.* *Id.* The fourth plaintiff, Vortex, is a limited liability company organized under the laws of Texas with its principal place of business located in Plano, Texas. *Id.* The defendant, WFG, is an insurance company organized under the laws of South Carolina with its principal place of business in Oregon. *Id.*

The case presently before the court was originally two cases. On August 10, 2017, WFG filed the first case, 3:17-CV-2108-G, in this court. Original Complaint for Declaratory Relief (docket entry 1). In its original complaint, WFG alleged that it seeks declaratory relief against Maureen Jury, Michael Jury, and Dan Cleary in a dispute involving the parties' legal obligations vis-à-vis one another in connection with the issuance of an owner's policy of title insurance in the amount of $355,000.00. *Id.* ¶ 9; *see* Commitment for Title Insurance Issued by WFG National Title Insurance Company at 1 (docket entry 10-3, exhibit C). Subsequently, Maureen Jury, Michael Jury, and Dan Cleary filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that this court lacks subject

---

\* From the parties' submissions, it appears that there is some confusion about Dan Cleary's residence. While the plaintiffs assert that he is a resident of Texas, *see* Plaintiffs' First Amended Petition ¶ 3 ("Plaintiffs' Amended Petition") (docket entry 1-7, exhibit 5 in 3:17-CV-2972-G), the defendant avers he is a citizen of Virginia, residing in Woodville, Virginia. Notice of Removal at 2.

matter jurisdiction over WFG's claim for declaratory relief.  Motion to Dismiss the Complaint (docket entry 5); Brief in Support of Motion to Dismiss the Complaint (docket entry 6).  On September 21, 2017, WFG amended its complaint, adding Vortex as a defendant.  WFG's Amended Complaint ¶ 2.

On August 30, 2017, Maureen Jury, Michael Jury, Dan Cleary, and Vortex filed a second case in the 298th Judicial District Court of Dallas County, Texas.  *See* Notice of Removal at 1.  In their original petition, the plaintiffs asserted a number of state law claims against WFG, including, *inter alia*, breach of contract and promissory estoppel, and specified that they seek "monetary relief of less than $100,000 and non-monetary relief."  Plaintiffs' Original Petition ¶¶ 2, 12-16 (docket entry 1-3, exhibit 1 in 3:17-CV-2972-G).  On October 10, 2017, the plaintiffs amended their state court petition.  Plaintiffs' Amended Petition.

On October 27, 2017, WFG removed the state court action to this court, alleging diversity of citizenship as the basis for this court's subject matter jurisdiction.  Notice of Removal at 2.  Once in federal court, the second suit received the case number 3:17-CV-2972-G.  Shortly after removal, on November 3, 2017, this court issued an order consolidating the two cases and realigning the parties.  Order (docket entry 15).  The order closed the second suit, 3:17-CV-2972-G, and stated that "[a]ll future pleadings and other papers shall henceforth be filed under civil action number **3:17-CV-2108-G**."  *Id.* at 1-2 (emphasis in original).

Maureen Jury, Michael Jury, Dan Cleary, and Vortex, now the plaintiffs in this consolidated suit, then filed a motion to remand the entire case to state court. Plaintiffs' Motion to Remand and Brief in Support ("Motion to Remand") (docket entry 16). In their motion, the plaintiffs also re-assert their previous contention that the court should dismiss WFG's claim for declaratory relief under Federal Rule of Civil Procedure 12(b)(1). See *id.* at 6-7. On December 18, 2017, WFG filed a response to the plaintiffs' motion. Defendant WFG National Title Insurance Company's Response and Brief in Support Thereof to Plaintiffs' Motion to Remand ("WFG's Response") (docket entry 17). And on January 2, 2018, the plaintiffs filed their reply. Defendants' [sic] Reply to Plaintiff's [sic] Response to Motion to Remand and Brief in Support (docket entry 18). The plaintiffs' motion is now ripe for decision.

## II. ANALYSIS

The plaintiffs' motion asks the court to remand the case to state court, but also asks for dismissal of WFG's claim for declaratory relief. *See* Motion to Remand at 6-7. The court will address the latter request first before turning to the question of whether to remand the case.

A. Legal Standards

1. *Rule 12(b)(1)*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990)

(citing *Williamson*, 645 F.2d at 413). Once jurisdiction is challenged, the burden rests on the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

2. *Removal Jurisdiction*

a. General Principles

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, because neither party invokes § 1331 as the basis for this court's subject matter jurisdiction, the court will only consider whether the elements of § 1332 are met. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* § 1441(b); and (3) the case involves an amount in controversy of more than $75,000.00, *see* § 1332(a). In this case, the issue is not whether the parties are of completely diverse citizenship, but rather whether the amount in controversy exceeds $75,000.00. *See* Motion to Remand at 1-2. In the plaintiffs' motion, they stipulate that they seek a maximum of $74,999, including attorney's fees. *Id.* at 2. According to WFG, however, the plaintiffs' stipulation is insufficient to divest this court of subject matter jurisdiction because it "has presented a plausible claim stating the amount in controversy is sufficient to sustain jurisdiction under 28 U.S.C. § 1332(a)." WFG's Response ¶¶ 12-13.

b. The Amount in Controversy Requirement

Normally, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the

initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Company*, 47 F.3d 1404, 1408 (5th Cir.) (quoting *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 288 (1938)) (internal quotations omitted), *cert. denied*, 516 U.S. 865 (1995). As the Supreme Court expressed it in *St. Paul*, for a federal court to decline subject matter jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul*, 303 U.S. at 289.

But in removal cases where the plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit has indicated that the Supreme Court's legal certainty test does not apply. *De Aguilar*, 47 F.3d at 1409. Instead, in such cases, the impetus is on the removing defendant to "prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000.00]." *Id.* In addition, "[i]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The court will only consider such post-removal affidavits, stipulations, or amendments if "the basis for jurisdiction is ambiguous at the time of removal." *Id.*

B. Application

1. *Whether the Court has Jurisdiction over WFG's Claim for Declaratory Relief*

The Supreme Court has long held that the Declaratory Judgment Act ("DJA") does not confer subject matter jurisdiction. See *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 671 (1950). In 1950, the Court issued its landmark opinion in *Skelly Oil* confirming that the DJA is "procedural only," as Congress passed the Act with the intention of enlarging the range of remedies available in the federal courts without extending their jurisdiction. *Id.* Therefore, any complaint seeking relief under the DJA must invoke an independent basis for federal jurisdiction. See, e.g., *Volvo Trucks North America, Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) ("In a declaratory judgment action, the court must determine if there would be grounds for federal jurisdiction over a hypothetical suit that would have been brought absent the availability of declaratory relief.").

With this long-standing precedent in mind, WFG contends that the court has jurisdiction over its claim for declaratory relief "pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds the sum of $75,000.00 and WFG and [the plaintiffs] are citizens of different states." WFG's Amended Complaint ¶ 3. Because neither side argues that complete diversity of citizenship is lacking, the only question here is whether WFG's claim satisfies the amount in controversy requirement.

In their motion, the plaintiffs assert that WFG's claim does not satisfy the amount in controversy requirement because not only have none of the parties asserted a claim against the policy cited by WFG in its amended complaint, no such policy actually exists. *See* Motion to Remand at 7. The plaintiffs also cite Fifth Circuit precedent for the proposition that when insurance coverage exceeds the amount of the underlying claim, "the jurisdictional amount in controversy is measured by the value of the underlying claim -- not the face amount of the policy." *Id.* (quoting *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)).

In its response to the plaintiffs' motion, WFG clarifies the nature of its amended complaint. According to WFG, its claim for declaratory relief came in light of conduct of the individual plaintiffs "consistent with an attempt to set up WFG for a claim to the policy." WFG's Response ¶ 9. Specifically, WFG contends that through their actions, which included complicity in two conveyances and a refusal to execute corrective documents, the individual plaintiffs "have a created a potential adverse claim to title for which they now seek insurance." *Id.*

"In an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Insurance*, 293 F.3d at 910 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In *Hartford Insurance*, the Fifth Circuit explained that "under certain

circumstances the policy limits will establish the amount in controversy." *Id.* at 911. In particular, the Fifth Circuit specified that "policy limits [rather than the value of the underlying claim] are controlling in a declaratory action . . . as to the validity of the entire contract between the parties." *Id.* (citation and internal quotation marks omitted).

WFG maintains that the individual plaintiffs, through their counsel, have demanded that WFG issue an owner's policy of title insurance in their names covering the property made the basis of this suit. WFG's Response ¶ 8. But, WFG argues, Dallas Metro Holding, LLC, the purported grantor to the individual plaintiffs, conveyed the property to the fourth plaintiff, Vortex, on or about August 21, 2015. *Id.* And, subsequently, the individual plaintiffs conveyed "whatever [remaining] interest they had in the property to third parties." WFG's Amended Complaint ¶ 3. According to WFG, "[b]ecause the Owner's Policy of Title Insurance insures against a lack of good and indefensible [sic] title," if WFG were to acquiesce to the plaintiffs' demand, WFG would instantly open itself to a claim for $355,000.00, the full value of the policy. *Id.* In paragraph nine of its amended complaint, WFG asserts that it "brings this declaratory judgment action to obtain a ruling from this [c]ourt as to whether it is obligated to issue an owner's policy of title insurance in the amount of $355,000.00 to [the plaintiffs]." *Id.* ¶ 9. In other words, WFG asks this court to consider whether, given the plaintiffs' alleged conduct and failure to comply with

requisite conditions precedent, WFG is obligated to issue the insurance policy.  See *id.* ¶¶ 9-10.

Although WFG has yet to issue the owner's policy as the plaintiffs have demanded and, because of that fact, the plaintiffs have not yet filed a claim for indemnification, this dispute nonetheless falls squarely within the specific circumstances the Fifth Circuit anticipated in *Hartford Insurance*.  See *Harford Insurance*, 293 F.3d at 911.  Cf. *Waller v. Professional Insurance Corporation*, 296 F.2d 545, 547-48 (5th Cir. 1961) (concluding that when the validity of the contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy).  Because the policy limit for an owner's policy of title insurance in this case easily satisfies the amount in controversy requirement, WFG has met its burden under *Boudreau*, and the court concludes that it has subject matter jurisdiction over the claim for declaratory relief.  Accordingly, the court denies the plaintiffs' motion to dismiss WFG's claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2.  *Whether the Court Should Remand the Plaintiffs' Claims*

With the question of this court's jurisdiction over WFG's claim decided, the next issue is whether the court should remand the plaintiffs' claims to state court.  In its notice, WFG contends that this court has subject matter jurisdiction over the claims contained in the plaintiffs' amended petition under 28 U.S.C. § 1332.  Notice

of Removal at 2. Contesting WFG's argument, the plaintiffs' motion to remand maintains that "nowhere in the state court petition is it 'facially apparent' that [the] [p]laintiffs' claims exceed the jurisdictional amount." Motion to Remand at 1; see *id.* at 4 (quoting *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995)). The plaintiffs support their contention by stipulating that "they seek a maximum of $74,999, including attorney's fees, by way of their affirmative claims." *Id.* at 2.

The court will only consider summary-judgment-type evidence -- *i.e.*, post-removal affidavits, stipulations, or amendments -- if "the basis for removal is ambiguous at the time of removal." *Gebbia*, 223 F.3d at 883. At the time of removal, the only indication as to the amount in controversy for the plaintiffs' claims was a single line in paragraph two of the state court petition: "As required by Rule 47 of the Texas Rules of Civil Procedure, [the] [p]laintiffs plead for monetary relief of *less than* $100,000 and non-monetary relief." Plaintiffs' Amended Petition ¶ 2 (emphasis added). While the plaintiffs' state court petition specifies that they seek specific performance as a form of non-monetary relief for their claims, see *id.* ¶¶ 11-12, at the time of removal -- before consolidation -- the court had not yet been made aware of the policy limit for an owner's policy of title insurance. Thus, because the basis for this court's jurisdiction was ambiguous at the time of removal, the court may

consider the plaintiffs' stipulation that they seek a maximum of $74,999 in monetary damages, including attorney's fees.

But even taking the plaintiffs' stipulation into consideration, the court is unwilling to accept their argument that remand is appropriate. The plaintiffs' amended petition makes clear that in addition to monetary relief they also seek specific performance. Plaintiffs' Amended Petition ¶¶ 11-12. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977). Similarly, in actions seeking specific performance, the jurisdictional amount turns on the value of the property in question rather than damages that might be suffered. E.g., *Waller*, 296 F.2d at 547; *Occidental Chemical Corporation v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993).

Here, the plaintiffs allege that WFG breached its contract with the individual plaintiffs by refusing to issue the owner's policy of title insurance, the subject of the parties' prior agreement. Plaintiffs' Amended Petition ¶ 11. Thus, while the plaintiffs argue that because WFG has yet to issue a title policy, the policy limit of that unissued policy cannot constitute the amount in controversy, in the wake of removal and case consolidation it is plain that what lies at the center of this dispute is not the monetary damages requested in the plaintiffs' amended petition and referenced in their motion to remand, but the issuance of the title policy. The

questions in this case go directly to the plaintiffs' rights to the title policy and the defendant's obligation to issue the policy.  Indeed, the fulcrum of the plaintiffs' claims -- and of the entire case -- is the issuance of an owner's policy of title insurance with a policy limit of $355,000.00.  Because, again, this policy limit easily satisfies the amount in controversy requirement, the court will retain the plaintiffs' claims on its docket.  Accordingly, the motion to remand is denied.

## III. CONCLUSION

For the reasons stated above, the plaintiffs' motion to remand this case back to state court is **DENIED**.

**SO ORDERED**.

April 23, 2018.

_____
**A. JOE FISH**
**Senior United States District Judge**